HENRY KUHLMAN, Appellant, v. N. E. WOOD, Appellee.

1.  Sale: FRAUD: RESCISSION.  The plaintiff agreed to sell to defend-
    ant certain specific articles of household furniture situated in a
    hotel for a sum named, but before delivery he removed a number
    of articles from the premises, and substituted for some other
    articles of less value.  Upon discovery of these facts the defend-
    ant refused to carry out the agreement, and left the property in
    the possession of the plaintiff.  *Held*, that the defendant was
    entitled to rescind the sale, and recover of the plaintiff the money
    paid thereunder.

2.  Chattel Mortgage: PAYMENT.  After the rescission of the above
    sale the defendant purchased a chattel mortgage against the same
    property, which, by the terms of the sale, he was to assume and
    pay.  *Held*, that the contract of sale having been rescinded the
    purchase of the mortgage did not operate as a payment thereof,
    and that defendant was entitled to enforce the same against the
    property.

*Appeal from Woodbury District Court.*—HON. GEORGE
W. WAKEFIELD, Judge.

WEDNESDAY, OCTOBER 15, 1890.

THIS is an action in equity, wherein the plaintiff seeks
to have enjoined the foreclosure of a chattel mortgage on
certain hotel property.  The defendant seeks to recover
of plaintiff the sum of one hundred and fifty dollars,
on account of money paid by virtue of an agreement
which was rescinded, as he alleges, in consequence of
the fraudulent conduct of plaintiff.  After a trial upon
the merits, the district court dismissed the petition of
plaintiff, and rendered judgment in favor of defendant
for one hundred and fifty dollars, with interest, and
costs.  The plaintiff appeals.

*Lutz & Sears*, for appellant.

*John N. Weaver*, for appellee.

ROBINSON, J.—During the year 1888, the plaintiff was engaged in the business of keeping the hotel known as the "Madison House," in Sioux City. On the thirteenth day of April of that year he executed and delivered to one Rankin a chattel mortgage on the stock and furniture in said hotel, to secure the payment of a note for three hundred and fifty dollars, which was payable six months after that date. On the twenty-third day of August, 1888, the parties to this action entered into a verbal agreement for the sale by plaintiff to defendant of all the household goods used in carrying on the business of keeping said hotel, and the surrendering to the latter the possession of the hotel. The agreement required defendant to pay to plaintiff five hundred and eighty-seven dollars and fifty cents in cash ; to give his note for three hundred dollars due in sixty days ; and to assume the payment of the Rankin mortgage debt, on which there was then due three hundred and twelve dollars and fifty cents. The negotiations for the property were commenced on the twenty-first day of August, and substantially concluded on the next day. The hotel was visited by defendant on the first day named, and by himself and wife on the next day, the property inspected, and a memorandum of a part thereof taken. On the twenty-third day of August, defendant paid to the persons entitled thereto, to apply on the payments required by his agreement the sum of one hundred and fifty dollars, as rent for the hotel. Late in the afternoon of that day, he went to the hotel with his wife, servants and some provisions, for the purpose of taking possession. At that time he claims he discovered that much of the table furniture, and many of the napkins, towels, blankets, quilts and other articles, which he had purchased, were missing, and that in some cases articles of inferior value had been substituted for those he had purchased. He estimated that the property he found at that time was worth two hundred dollars less than that he had purchased, and refused to accept it unless the

plaintiff would deduct that amount from the purchase price. But plaintiff refused to make the deduction demanded, and defendant refused to carry out the agreement, and left the hotel and all the property therein in the possession of plaintiff. Defendant afterwards purchased the Rankin mortgage, and was about to foreclose it when this action was commenced to restrain him. Plaintiff contends that he was able and willing to carry out on his part the agreement of sale ; that all the property he had contracted to sell was in the hotel, and tendered to defendant when he went to it to take possession ; and that, as it was a part of the agreement that defendant should pay the mortgage debt to Rankin, it should be regarded and treated as canceled by his purchase of it.

The real question which we are required to determine is whether there was such a difference between the property contemplated by the agreement and that tendered in fulfillment of it as authorized its rescission by defendant. The evidence is conflicting, but we think a fair preponderance establishes the following facts : Before the twenty-third day of August, the beds and bedding were inspected as they were found in the various rooms, and some of the towels, napkins, knives, forks, spoons and other table-ware were examined. The different articles were not counted, however, but the statement of plaintiff as to the number of each was taken and noted in a memorandum book by defendant. On the evening of August 23, much of the property inventoried by defendant could not be found. Instead of twenty-one pairs of blankets, as inventoried, but six pairs and one single one could be found. Twenty or thirty quilts were missing, and those found were of poorer quality and less value than those inventoried. Knives, forks, spoons, napkins, towels and other articles were missing, and plaintiff would give no account of them. The evidence satisfies us that the property tendered to defendant was not in some substantial respects that which he had agreed to purchase, and that the variance was so

2. CHATTEL
mortgage:
payment.

great that he was under no obligation to accept any of that tendered, but was authorized, after plaintiff's refusal to deliver the property agreed upon, to rescind the agreement, and is entitled to recover the money he had paid by virtue of it. When the agreement was rescinded his obligation to assume and pay the mortgage debt was at an end, and he had a right to purchase and enforce it against plaintiff in the same manner and to the same extent as though the agreement had never been made. Our conclusion is that the action of the district court was in all respects correct. It is, therefore, AFFIRMED.